UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SALESHNI CHAND**, <br> Plaintiff, <br> v. <br> **EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.**, <br> Defendants. | Case No. 16-cv-6311-YGR <br><br> **ORDER RE: MOTIONS TO DISMISS, MOTION FOR LEAVE TO AMEND, AND MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. Nos. 25, 26, 36, 39 |

Pending before the Court are (1) motions to dismiss filed by defendants American Honda Finance Corporation (Dkt. No. 25) and Experian Information Solutions Inc. ("Experian") (Dkt. No. 26); (2) a request for leave to amend the complaint filed by plaintiff (Dkt. No. 36); and (3) Experian's motion for attorneys' fees (Dkt. No. 39). Having carefully considered the pleadings and the arguments of the parties, and for the reasons set forth below, the Court hereby **DENIES AS MOOT** the motions to dismiss, **GRANTS** plaintiff's request for leave to amend, and **TENTATIVELY GRANTS** the motion for attorneys' fees.

**I. BACKGROUND**

Over the past year, plaintiff's attorney has brought hundreds of nearly identical cases in this District alleging that defendant Experian and others violated the Fair Credit Reporting Act ("FCRA") and/or the California Consumer Credit Reporting Agencies Act ("CCRAA"). (Dkt. No. 39 at 3.) Many of these complaints appear to be copied and pasted from each other in substantial part, and to contain factual errors and inconsistencies. Judge Freeman warned plaintiff's counsel on October 6, 2016 that he must stop filing careless pleadings in these cases:

> "[Y]ou are utilizing not only the resources of your opponents to bring motions on pleadings you know you need to amend. You are using the resources of the court in an extraordinary way that—that has got to stop. And I want to just let you know

>that I certainly am obligated to give your clients the opportunity to amend their pleading in a way that is fair to your clients as plaintiffs and to the defendants. But that doesn't mean that I won't begin sanctioning you for careless pleading under Rule 11 which will be sanctions against you and not your clients. . . .
>
>I just want a record that makes it clear that it is not the court's job to hear motions over and over again on pleadings.

(Dkt. No. 39-10 at 5.)

On November 1 2016, plaintiff's counsel filed the complaint in this case, alleging claims under the FCRA and CCRAA. (Dkt. No. 1). The complaint is internally contradictory. It alleges, on the one hand, that plaintiff filed for Chapter 7 bankruptcy and that her bankruptcy was discharged. (*Id*. ¶¶ 81, 84.) However, it then also asserts that Experian's credit reporting was allegedly inaccurate because it did not comply with the terms of plaintiff's undischarged Chapter 13 reorganization plan. (*Id*. ¶¶ 85, 93.) It appears that in stitching together plaintiff's complaint from prior similar pleadings, plaintiff's counsel inadvertently copied and pasted contradictory allegations, and then failed to conduct even a cursory review to ensure the complaint was internally consistent prior to filing.

This Court set a deadline for defendants to file a responsive pleading in this case, including any motions to dismiss, by no later than December 27, 2016. (Dkt. No. 21.) In light of the complaint's critical errors, counsel for Experian sent an email to plaintiff's counsel on December 22, 2016, informing him of the "serious inconsistencies" and asking him whether he planned on filing an amended complaint that corrected the deficiencies. (Dkt. No. 39-2.) Counsel for Experian further informed plaintiff's counsel this impacted defendants' Court-ordered deadline for responding to the complaint. (*Id*.) Plaintiff's counsel failed to respond. As a result, Experian filed its motion to dismiss on December 27, 2016, consistent with the Court's deadline. (Dkt. No. 26.) Defendant American Honda Finance Corporation also filed its motion to dismiss on December 27, 2016. (Dkt. No. 25.)

On January 17, 2017, plaintiff's counsel filed a limited opposition to the motions to dismiss. (Dkt. No. 36.) Plaintiff's counsel declared that "several key allegations" were missing from the complaint, and that these missing allegations "entirely shift the focus of the legal arguments made." (*Id* at 1.) Plaintiff's counsel also acknowledged "there are some inconsistencies

2

regarding the chapter of bankruptcy that was filed." (*Id.*) Therefore, plaintiff's opposition was limited to a request to file an amended complaint alleging these missing allegations. (*Id.* at 2.) On February 7, 2017, defendants filed a joint reply in support of the motions to dismiss in this case and six other similar cases currently pending before the Court. (Dkt. No. 45.) In their reply, defendants agreed with the plaintiff that "the Complaint is flawed" and "that there are several key allegations missing from the complaint." (*Id.* at 32.)

Defendant Experian filed a motion for attorneys' fees on January 24, 2017, arguing that fees should be awarded pursuant to either 28 U.S.C. § 1927 or the Court's inherent authority as a result of having to respond to the flawed complaint even after notifying plaintiff's counsel of the problems. (Dkt. No. 39.)

## II. DISCUSSION

### A. Motion for Attorneys' Fees

The Court's sanctioning powers "are governed not by rule or statute but the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (internal quotation marks and citations omitted). To award sanctions, the court must find that there was "conduct tantamount to bad faith," which includes a "broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citation omitted). Specifically, "[b]ad faith" may be found when an attorney's "reckless misstatements of law and fact" are "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.* at 994. Frivolous filings are "those that are both baseless and made without a reasonable and competent inquiry." *Estate of Blue v. Cty. of Los Angeles,* 120 F.3d 982, 985 (9th Cir. 1997) (internal quotation marks and citation omitted); *see also Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) ("[T]he mere existence of one non-frivolous claim in a complaint does not immunize it from [] sanctions . . . Even the most cursory legal inquiry would have revealed the required elements of the federal claims asserted, elements that the [plaintiff's] complaint did not allege." (internal quotation marks and citations omitted)).

Here, at a minimum, the filed complaint was frivolous, as it contained contradictory and false allegations. Further, plaintiff's counsel's choice to file the complaint was reckless, as even a cursory review of the complaint would have revealed the glaring inconsistencies. Finally, plaintiff's counsel had been reprimanded for careless pleading in these cases just a few weeks before filing this complaint and was even put on notice of the problems with this specific complaint, but refused to take action. Accordingly, the Court finds that plaintiff's counsel's conduct was tantamount to bad faith and that sanctions are therefore warranted under the Court's inherent authority.[1]

After finding a basis for sanctions exists, the Court "must first provide the offending party sufficient notice and an adequate hearing to contest the type and amount of sanctions proposed" prior to holding counsel liable. *Great Dynasty Int'l Fin. Holdings Ltd. v. Haiting Li*, No. C-13-1734 EMC, 2014 WL 3381416, at *10 (N.D. Cal. July 10, 2014) (citing *W. Sys., Inc. v. Ulloa,* 958 F.2d 864, 873 (9th Cir.1992)). Here, Experian requests that the Court award sanctions in the form of attorneys' fees for work performed on this case between December 22, 2016—the date that counsel for Experian notified plaintiff's counsel via email regarding the complaint deficiencies—and January 24, 2017, when the motion for attorneys' fees was filed. The imposition of attorneys' fees as a sanction serves "the dual purpose of vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy." *Chambers*, 501 U.S. 32, 46 (1991) (alteration in original) (internal quotation marks and citation omitted).

---

[1] The Court is not convinced that Experian's alternative basis for its motion—28 U.S.C. § 1927—could form the basis for sanctions here, as it does not apply to the initial filing of a complaint. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). However, the Court declines to rule on this, as it finds it may sanction plaintiff's counsel's conduct under the Court's inherent authority. *See Chambers*, 501 U.S. at 50 ("There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also sanctioned under the statute or the Rules.")

4

1    Experian's counsel spent a total of 24.1 hours responding to the complaint and preparing
2    the motion for attorneys' fees, a motion which Experian only brought after plaintiff's counsel
3    refused to reimburse Experian for the costs it incurred in responding to the deficient complaint.
4    (*See* Dkt. No. 39-1 at 4-5.) This amounts to a total of $17,125. (*Id*. at 5.) The Court finds the
5    amount of time spent and total fees incurred to be reasonable, and **TENTATIVELY GRANTS**
6    Experian's request that sanctions take the form of attorneys' fees.

7    Accordingly, within 14 days of the date of this Order, plaintiff's counsel may file a written
8    response of five pages or less to the Court's tentative ruling, including a statement as to whether
9    plaintiff's counsel requests an in-court hearing on the issue or submits on the written filings.
10   Experian may also file a responsive brief, not to exceed five pages, within 7 days of plaintiff's
11   filing. If needed, the Court will provide the parties with notice of a hearing date.

### B.    Motions to Dismiss and for Leave to Amend

Federal Rule of Civil Procedure 15 counsels that leave to amend should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). "Courts may decline to grant leave to amend only if there is strong evidence of '[1]undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] [5] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cnty.,* 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Of these so-called *Foman* factors, prejudice is the weightiest and most important. *Eminence Capital,* 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Here, although the Court has found evidence of bad faith, defendants have not proffered any evidence that defendants would be prejudiced by granting plaintiff leave to amend. Accordingly, the presumption in favor of granting leave to amend applies. *See Eminence Capital*, 316 F.3d at 1052. Further, as plaintiff has not been afforded an opportunity to amend—and in light

of the complaint's internal inconsistencies—the Court cannot find that an amendment would be futile at this juncture. Thus, on balance, the Court finds that granting leave to amend is appropriate. As a result, defendants' motions to dismiss are now moot.

### III.   CONCLUSION

For the foregoing reasons, Experian's motion for attorneys' fees is **TENTATIVELY GRANTED**. Defendants' motions to dismiss are **DENIED AS MOOT** and plaintiff's request for leave to amend is **GRANTED.**

Plaintiff shall file her amended complaint and a response to the Court's tentative ruling no later than 14 days from the date of this order. With respect to the latter, Experian may file an opposition within 7 days of the plaintiff's filing.

This Order terminates Dkt. Nos. 25, 26, and 36.

**IT IS SO ORDERED.**

Dated: March 20, 2017

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**